**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER R. COOPER *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-02054 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Complaint for Damages and Injunctive Relief" and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues in their individual capacities U.S. District Judge Christopher R. Cooper of this Court and "John/Jane Doe Clerk Officers" of this Court. Compl. Caption. He alleges a "systemic practice of issuing" orders denying his *in forma pauperis* motions in cases "across two dates, May 26 and June 3, 2026 . . . through an administrative intake screening function unsupported by any published legal authority, operating entirely outside the judicial assignment process, bypassing the § 455 recusal mechanism, and producing false official federal court records[.]" Compl., ECF No. 1 at 2; *see id.* at 3 (listing seven civil actions). In addition, Plaintiff, to the extent discernible, faults unknown employees of the Clerk's Office for alleged errors made to a document or documents in one of the civil actions. *See id.* at 3-4.

Plaintiff acknowledges Judge Cooper's "discretion to deny IFP" and "does not challenge any IFP ruling on the merits" nor "ask any court to order IFP to be granted." *Id.* at 2. He brings

this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking "compensatory damages" and various forms of equitable relief. *See* Compl. at 15-17. "For people in Bivens' shoes," however, "it is damages or nothing." *Bivens*, 403 U.S. at 410 (Harlan, J., concurring in judgment); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*Bivens* "allow[s] a plaintiff to seek money damages from government officials who have violated his [constitutional] rights.); *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages.").

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (citations omitted). Such applies here because judges are absolutely immune from suits for damages premised on "actions taken in [their] judicial capacity" within their jurisdiction, and "clerks, like judges, are immune" from suits for damages premised on their "performance of tasks that are an integral part of the judicial process," such as alleged here. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see id.*at 1461 (describing shielded activities). Defendants' immunity extends to the allegations of "judicial mistakes or wrongs," which "are open to correction through ordinary mechanisms of review[.]" *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity aside, this action brought principally against a federal judge who has "done nothing more than [his] duty" under the IFP statute is not only "meritless," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), but is "patently frivolous," *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 F. App'x. 1 (D.C. Cir. 2011) (per curiam). Therefore, this case will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A separate order accompanies this opinion.

__________/s/____________
AMIT P. MEHTA
United States District Judge

Date: August 19, 2026